IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-34-BO-2
No. 7:17-CV-163-BO

| | |
|---|---|
| AHKEEM DONTE PRATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| v. ) | MOTION TO DISMISS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, submits this memorandum in response to Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [D.E. 154].

## FACTS

On November 30, 2015, Petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit crimes against the United States, in violation of 18 U.S.C. § 371 (Count One); theft of firearms from a federal firearms licensee and aiding and abetting, in violation of 18 U.S.C. §§ 922(u), 924, and 2 (Count Three); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924 (Count Twelve); and interstate transportation of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(i), 924, and 2 (Count Sixteen). [D.E. 93]. On March 8, 2016, the district court sentenced

Petitioner to 60 months on Count One, 120 months on Counts Three and Twelve, to be served concurrently with Count One, and 68 months on Count Sixteen, to be served consecutively to Counts Three and Twelve, for a total of 188 months' imprisonment. [D.E. 116]. Petitioner appealed his sentence to the Fourth Circuit Court of Appeals, where it was dismissed. [D.E. 149]. On August 10, 2017, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 alleging that defense counsel was ineffective at sentencing for failing to orally raise the objection made in his presentence investigation report (PSR). [D.E. 154 at 4].

ARGUMENT

The Court should dismiss Petitioner's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 146 (4th Cir. 2014). "'[V]ague and conclusory allegations contained

2

in a § 2255 petition may be disposed of without further investigation by the District Court.'" United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). "Under § 2255(b), [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." United States v. Thomas, 627 F.3d 534, 539 (4th Cir. 2010) (internal quotation marks omitted).[1]

As to Petitioner's claim of ineffective assistance of counsel, Petitioner must show, under Strickland v. Washington, 466 U.S. 668 (1984), "that counsel's performance fell below an objective standard of reasonableness." Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." Id. (internal quotation marks and citation omitted); see also United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (noting that courts apply a "'strong presumption' that a trial

---

[1] Unless otherwise indicated herein, Respondent assumes, solely for purposes of this response, the facts alleged in Petitioner's motion. If the Court determines that Petitioner has stated a claim, Respondent asks that an evidentiary hearing be scheduled or that the record be expanded to allow Respondent to address the merits of Petitioner's claim.

3

counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance'") (quoting Strickland, 466 U.S. at 689).

Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When challenging a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012) (discussing Hill).

Petitioner's claim should be dismissed in the first instance because he cannot show that there is a reasonable probability that he would not have pleaded guilty but for defense counsel's actions. This is because the PSR was drafted by the probation officer after Petitioner had already pleaded guilty and could no longer withdraw his plea. Therefore, even if defense counsel did not orally raise the objection to the PSR, Petitioner was not prejudiced in a manner that satisfies the second prong of Strickland. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Moreover, Petitioner's PSR objection was already recorded in the PSR addendum which the Court had access to and reviewed before imposing its sentence. As the objection was already put forth in written form, it was not

unreasonable for defense counsel to forego a verbal objection at sentencing.  In sum, Petitioner cannot satisfy either prong under <u>Strickland</u> and his entire motion should be dismissed.

<u>CONCLUSION</u>

For these reasons, Respondent respectfully requests that the Court dismiss Petitioner's § 2255 motion.

Respectfully submitted, this the 14th day of November, 2017.

                        ROBERT J. HIGDON, JR.
                        United States Attorney

             By:  /s/ Donald R. Pender_____
                 DONALD R. PENDER
                 Attorney for Respondent
                 Assistant United States Attorney
                 Appellate Division
                 310 New Bern Avenue
                 Suite 800 Federal Building
                 Raleigh, NC 27601-1461
                 Telephone: (919) 856-4897
                 Facsimile: (919) 856-4821
                 Email: donald.pender@usdoj.gov
                 N.C. Bar # 48004

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2017, I served a copy of the foregoing upon the following persons:

Ahkeem Donte Pratt
Reg. No. 59219-056
FCI Estill
P.O. Box 699
Estill, SC 29918
(Via U.S. Mail)

/s/ Donald R. Pender
DONALD R. PENDER
Assistant United States Attorney