
IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA


AHKEEM DONTE PRATT

            Petitioner,


        vs.                    No: 7:15-cr-34-BO-2

                                   7:17-cv-160-BO


UNITED STATES OF AMERICA

            Respondent,


## RESPONSE IN OPPOSITION TO
## THE GOVERNMENT'S MOTION TO DISMISS


Petitioner,Ahkeem Donte Pratt, pro-se,and in the Eastern

District of North Carolina, Submits this motion to rebut the

respondent's motion to dismiss his motion to vacate, set aside

or correct a sentence for failure to state a claim upon which

relief can be granted under 12(b)(6).


### FACTS

On November 30, 2015, petitioner pled guilty, pursuant to a

written plea agreement, to conspiracy to commit crimes against

the United States,in violation of 18 U.S.C. 371 (Count

One);theft of firearms from a federal firearms licensee and

aiding and abetting, in violation of 18 U.S.C., in violation

of 18 U.S.C. 922(u),924, and 2 (Count Three); possession of a

firearm by a felon, in violation of 18 U.S.C. 922(g) and 924

(Count Twelve); and interstate transportation of stolen

firearms and aiding and abetting, in violation of 18 U.S.C.

922(i), 924 and 2 (Count Sixteen). [D.E. 93]. On March 8,

2016, the district court sentenced petitioner to 60 months on

Count one, 120 months on Count three and Twelve, to be served

concurrently with count one, and 68 months on count sixteen,

to be served consecutively to counts Three and twelve, for a

total of 188 months imprisonment. [D.E. 149]. On August 10,

2017, petitioner filed a motion to vacate under 28 U.S.C. 2255

alleging that defense counsel was ineffective at sentencing

for failing to orally raise the objection made in his

presentence investigation report. (PSR). [D.E. 154 at 4].


## ARGUMENT

The Government states that the respondent's claims are vauge

and conclusory allegations in his motion to vacate however,

his claims are more plausible and foreseeable than they are

vauge. The second prong under Strickland emphasizes that a

petitioner must prove the "Resonable Probability" standard.

Indeed, he has addressed this standard in detail where the

Goverment claims that he hasn't.


## OBJECTIONS TO THE P.S.R.

The petitioner objected to the 4-level increase in

paragraph 38 of the presentence report based on a finding that

he engaged in the trafficking of firearms to Jonathan Shaw. As

noted in the report, there is no evidence to support that the

petitioner knew of Shaw's status as a convicted felon "or" that Shaw would dispose of the firearms for any particular reason. The P.S.R. advised that the Government should provide evidence and/or testimony to support this enhancement at the time of sentencing. (See Probation officers' response in Addendum to P.S.R.). Application note 13(A)(ii) of the commentary to U.S.S.G. 2k2.1(b)(5) provides that a defendant had to (Know) or have reason to believe that such conduct would result in the transport,transfer or disposal of a firearm to an individual whose possession or reciept of the firearm would be unlawful or who intended to use or dispose of the firearm unlawfully. The petitioner has not satistfied the second requirement for the adjustment. See, United States v. Brewington 2017 U.S. App Lexis 6268. In Brewington, the defendant's sentence was vacated and remanded for resentencing without the trafficking firearms enhancement. The Court agreed that the evidence before the District Court was insufficient to demonstrate that Brewington knew or had reason to believe that the firearms would be possessed unlawfully , or that their recipient intended to use or dispose of the firearms unlawfully. Brewington's case is Undoubtedly, the same as this current case.

## REASONABLE PROBABILITY

A defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceding would have been different; Strickland,466 U.S. at 694. See also Hill V. Lockhart, 474 U.S. 52,59, 106 S.Ct. 366,370, 88 L.Ed. 2d 203(1985). To begin, the petitioner never pled guilty

to the trafficking firearms [e]nhancement although he dose not dispute that he transferred the necessary number of firearms. The Court imposed a 188 month sentence. Without the enhancement, the petitioner's adjusted offense level would be 33. With a total offense level of 30 and a criminal category of III,the advisory guideline range for imprisonment would be 121-151 months. The Government's argument,with respects to the petitioner's guilty plea is misplaced when addressing whether petitioner could withdraw his plea. RULE 11(d)(1)&2 states that; A defendant may withdraw a plea of guilty or Nolo Contendre

> (1). Before the Court accepts the plea,for
> any reason or no reason or;
>
> (2). After the Court accepts the plea but
> before it imposes a sentence.

Therefore,it does not matter that the P.S.R. was drafted after the petitioner had already pled guilty. The Government's argument has no merit. The pertinent fact here is that the petitioner made objections to the 4-level enhancement after the probation Officer concluded the presentence report within the 14 days required to make objections by a defendant. RULE 32(d) emphasizes that:

> The Court must allow the parties' attorneys to comment on the probation Officer's determinations and other matters relating to an appropriate sentencing; and
>
> (D). May, for good cause, allow a party
> to make a new objection at any time
> before the sentence is imposed.

When reviewing the transcripts, the Court [A]llowed the petitioner's counsel to address his objections however, counsel simply declined to. See transcripts. pg. 7, lines 14 and 15 as it states:

The Court: Objections to the presentence report?.

Counsel/Mr. Webb: No, sir.

Instead of saying no, counsel could have verbally objected to the enhancement in the P.S.R. Only the allegation of a difinitive factual error in the presentence report obligates the court to make a finding or determination Under rule 32(i)(3)(B) thus, to ensure judicial compliance with the rule, counsel should raise specific, factual errors or objections concerning the presentencing report. There (is) a reasonable probability that, but for counsel's errors the proceeding would have been different and the petitioner would never have accepted the plea had he known that his entence would be enhanced at sentencing. Counsels' errors have resulted in a direct violation of the petitioner's constitutional right to due process as ineffectiveness of counsel brings fundamental unfairness in judicial proceedings.

## CONCLUSION

Contrary to the Government's claims, petitioner believes that he has survived a motion to Dismiss since his allegations are factual and are enough to raise a right to relief above the speculative level, which nudges his claims across the line from concievable to plausible Aziz v. Alcolac Inc. 658 F3d. 388, 391 (4th Cir. 2011). For the reason set forth in this

motion, the petitioner asks that he be resentenced without the trafficking firearms enhancement as this Court did in Brewington or entitled to an evidentiary hearing to address the merits of petitioner's claim.

CERTIFICATE OF SERVICE

I attest under penalty of purgery that a true and exact copy
of this motion in opposition to the Government's motion to
dismiss, was mailed to the Court through the prison mailing
system this 28th day of November, 2017.

Respectfully submitted,

Ahkeem Donte Pratt #59219-056

F.C.I. Estill

Estill, South Carolina 29918

P.O. box 699

Ahkeem Pratt