IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CR-34-BO
NO. 7:17-CV-160-BO

| | |
|---|---|
| AHKEEM DONTE PRATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 154] and the government's motion to dismiss [DE 159]. For the reasons discussed below, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

BACKGROUND

On November 30, 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit crimes against the United States, in violation of 18 U.S.C. § 371, theft of firearms from a federal firearms licensee and aiding and abetting, in violation of 18 U.S.C. §§ 922(u), 924, and 2, possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and interstate transportation of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(i), 924 and 2. He was sentenced on March 8, 2016 to a total of 188 months' imprisonment. He appealed his sentence to the Fourth Circuit, which affirmed his sentence on November 17, 2016. He filed the instant motion on August 10, 2017, alleging he received

ineffective assistance of counsel. Petitioner claims his attorney failed to orally raise an objection to his presentence report at sentencing.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner argues that his counsel was ineffective by not articulating orally at the sentencing hearing the written objection made in his presentence report. Petitioner has not met the *Strickland* standard and so his motion is dismissed. How to present an argument is a strategic choice. *See United States v. Ragin*, 820 F.3d 609, 620 (4th Cir. 2016) ("[T]he question of

2

prejudice under *Strickland* ordinarily involves consideration of the range of strategies and tactics available to a lawyer."). The objection was included in the final presentence report, which the Court had access to prior to imposing the sentence. Additionally, petitioner cannot show that reiterating the objection orally would have resulted in a better outcome. Petitioner received a sentence at the very low end of his guideline range. Therefore his claim must be dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 159] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 154] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the 27 day of August, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE